FILED

00 JUN -1

U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DAVID R. DEVERS,             }
                             }
    Plaintiff and            }
    Counterclaim Defendant,  }   CIVIL ACTION NO.
                             }
v.                           }   98-AR-2119-S
                             }
EATON CORPORATION, et al.,   }
                             }
    Defendants and           }
    Counterclaimants.

ENTERED
JUN - 1 2000

**MEMORANDUM OPINION**

Before the court are cross-motions for summary judgment, one by the three defendants, Eaton Corporation ("Eaton"), Eaton Corporate Shares Purchase and Investment Plan ("SPIP"), and Corporate Compensation Committee of Eaton ("Committee"), and the other by the plaintiff, David R. Devers ("Devers"). There is no motion with respect to the counterclaim of Eaton.

Devers, who was an Eaton employee until December 31, 1997, seeks to recover from defendants under an ERISA-governed Plan certain stock benefits to which he claims he was entitled under a separation agreement arrived at at the time of his termination. After somewhat anxious, somewhat lengthy, and somewhat fractious discovery, defendants filed their motion for summary judgment arguing that the case has "a remarkable simplicity." In short, defendants, who are admittedly ERISA obligors, find themselves able to argue that the Plan gives the Committee "absolute discretion in carrying out its responsibilities," and because there

1



are legitimate reasons to justify the denial of Devers' claim, plaintiff cannot prevail. Eaton, which funded the Plan, filed a counterclaim against Devers seeking reimbursement for what it claims it over-paid him. Eaton strangely has not copy-catted Devers, whose motion for summary judgment insists that the undisputed facts require that he be paid what he demands.

This court well understands the lesson of *Firestone Tire & Rubber Company v. Bruch,* 489 U.S. 101, 109 S.Ct. 948 (1989). Any ERISA plan administrator who has been granted by the controlling documents broad discretion to interpret the plan and to make decisions respecting claims by beneficiaries, and who is not conflicted, cannot be found liable to a beneficiary unless his particular decision was "arbitrary and capricious," meaning that it was without any rational basis. If the decision-makers here are not so self-interested as to be looked at under general principles of contract law rather than for abuse of discretion, there are at least two other principles that ameliorate defendants' apparently absolute defensive proposition. The first is that the decision-maker must have **actually** employed his discretion by **actually** interpreting the plan in light of the facts reasonably discernable by him, and **actually** having used his powers of reason during the process of arising at his decision, and not by **after-the-fact** rationalizing. The second is the concept of equitable estoppel enunciated in *Kane v. Aetna Life Insurance Co.,* 893 F.2d 282 (11th Cir. 1990), wherein the Eleventh Circuit recognized that, while an

2

ERISA plan cannot be modified or amended by parole, a prospective beneficiary has a right to rely upon the oral representation of a person authorized to administer the plan, if that person, by what he says, is not varying the plan but only interpreting or clarifying the pertinent plan documents which are facially ambiguous.

The instant action was filed on August 20, 1998. The case is fast becoming one of this court's oldest cases. If it were as simple and clear as defendants say it is, the court wonders why they did not file their motion for summary judgment long ago. The case is not simple and the answers are not clear. The affidavit of the "Administrator of Retirement Plans," John A. Millet, filed over the strenuous objection of Devers, is simply a statement of Millet's understanding of how this Plan **should have been applied** to Devers' claim. Not surprisingly, Millet concludes that the denial is mandated by the documents, no "ifs, ands, or buts." Millet does not reveal the person or persons who actually made the final decision to deny Devers claim, or when exactly that decision was made, or how that decision was made. The interpretation that Millet now places on the Plan, under the totality of somewhat disputed circumstances, may very well be reasonable "after-the-fact," but was Millet's present reasoning, well presented by defendants' counsel, actually the reasoning employed by the decision-makers during the decision-making process, or is it an after-the-fact rationale bearing little, if any, relationship to

3

what actually went on in the corporate mind in response to Devers' demand?  Even after the court and jury see and hear from the entire cast of characters while subjected to withering cross-examination, the court may still find it difficult to know the answer to this question.  It will have to take the jury's answer.  Until then there is a dispute of material fact that precludes summary judgment, either for defendants or for plaintiff.

When defendants argue that they **could not**, without violating the law, have paid plaintiff what he claims an authorized person promised him, the question immediately arises:  Would Eaton have sued Devers to recover what it says it overpaid him by mistake if it had discovered its alleged mistake without Devers' suit to prompt its investigation into the matter?  Put another way, would Eaton have pursued the claim it now makes if Devers had never sued it?  If defendants' motion for summary judgment is good as against the original complaint, why is Eaton not insisting on summary judgment in its favor on its counterclaim?  It seems logical that if defendants are entitled to obtain a dismissal of Devers' claim, Eaton is entitled to summary judgment against Devers on its counterclaim.

If defendants believe that they can convince the Eleventh Circuit court that there is no significance in what Devers says defendants' representative orally represented to him, i.e., that there is no ambiguity whatsoever in the Plan documents, and that defendants' reasons for repudiating its own contemporaneous

4

representation to Devers constitutes an absolute defense, though perhaps arrived at only after the controversy heated up, and if within fourteen days defendants request a certification pursuant to 28 U.S.C. 1292(b) of this court's denial of their motion for summary judgment, the court will grant a certification for interlocutory appeal. If, on the other hand, within the same fourteen days the parties consent to a referral of the matter to mediation, the court will do that. If neither such request is made, the case is hereby SET for a final pretrial conference at 10:00 a.m. on June 29, 2000. The pretrial order will provide for an advisory jury, whether or not a party requests it.

Separate orders denying all motions for summary judgment will be entered.

DONE this 1st day of June, 2000.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE