IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID R. DEVERS, | |
|     Plaintiff and Counterclaim Defendant, | CIVIL ACTION NO. |
| v. | 98-AR-2119-S |
| EATON CORPORATION, *et al.*, | |
|     Defendants and Counterclaimants. | |

FILED JUL -6 2000
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUL - 6 2000

**MEMORANDUM OPINION**

    The response by defendants to the questions posed by the court on June 8, 2000, in practical effect, constitutes a Rule 59 motion seeking reconsideration of the order entered on June 1, 2000. Defendants spend more time telling the court why it was wrong than they do in providing satisfactory answers to the court's two supplementary questions.

    On page 9 of defendants' supplementary brief, they say: "Thus, this case should not be dismissed for failure to first follow an administrative procedure and review." What defendants are really saying is that they have chosen not to interpose plaintiff's failure to exhaust administrative remedies as a defense. The court can well understand why defendants do not interpose such a defense inasmuch as their decisionmakers at the time of the decision failed to communicate to plaintiff in writing either the reasons they now give to explain their denial of plaintiff's claim, or how plaintiff



should go about obtaining an administrative review of the denial. Defendants apparently are arguing that an ERISA fiduciary can wave in advance the non-exhaustion of remedies defense by the expedient of not providing any administrative remedy in the first place. "No harm done!" Defendants may well be correct on this point, but it does not change the conclusions the court reached on June 1, 2000.

The court is impressed by what Judge Higginbotham wrote for the Fifth Circuit on June 14, 2000, in *Bourgeois v. The Pension Plan for the Employees of Santa Fe International Corporation*, __ F.3d ___, 2000 W.L. 767378 (5th Cir. 2000). Several of the points Judge Higginbotham makes in *Bourgeois* could have found application to Devers' case if the points had been raised, and perhaps they can apply even without having been raised. Also of interest is *White v. Aetna Life Insurance Company*, 210 F.3d 412 (D.C.C. 2000).

A separate appropriate order will be entered.

DONE this 6th day of July, 2000.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE